**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL MONTANEZ, | No. 15-16704 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-00250-AWI-DLB |
| v. | |
| VELASCO, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 14, 2016[**]

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Paul Montanez, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and violations of the Americans with

Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). We have jurisdiction

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment because Montanez failed to raise a genuine dispute of material fact as to whether by using the restraints defendants were deliberately indifferent to his health.  *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (setting forth elements of a claim for violation of the Eighth Amendment and explaining that a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health"); *cf. Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1251-54 (9th Cir. 2016) (plaintiff raised a genuine dispute of material fact as to whether the use of restraints during labor and post-partum recovery presented a substantial risk of harm to her and her baby).

The district court properly granted summary judgment on Montanez's claims under the ADA and RA because Montanez failed to raise a genuine dispute of material fact that the alleged violation arose from discrimination against him because of a disability.  *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of

2                                                          15-16704

the rights and obligations created by the ADA and the [RA]").

The district court did not abuse its discretion in denying Montanez's motions for reconsideration under Federal Rule of Civil Procedure 60(b) because Montanez failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief from judgment under Rule 60(b)).

The district court did not abuse its discretion in denying Montanez's request for an extension of time to conduct discovery after the discovery cut-off because Montanez failed to show that good cause for the extension existed. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (noting the district court's broad discretion in discovery matters).

The district court did not abuse its discretion in denying Montanez's request for appointment of counsel because Montanez did not show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirements for appointment of counsel).

We do not consider Montanez's argument regarding his failure to receive the deposition notice before his deposition because Montanez failed to raise this argument before the district court. *See Armstrong v. Brown*, 768 F.3d 975, 981

(9th Cir. 2014) (arguments not raised before the district court are waived).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**